UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BRENDON W. MAX.**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-00379-NCC |
| ) | |
| **TERI LAWSON**, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for the Appointment of Counsel. (Doc. 7). Petitioner requests that a "public defender" be appointed to assist with his case in light of his educational background and lack of legal knowledge (*Id.*). For the following reasons, Petitioner's motion will be denied without prejudice.

The appointment of counsel for an indigent *pro se* petitioner lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). *See also Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

Once Petitioner alleges a prima facie claim, the Court must determine Petitioner's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). Courts may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim, *see* 28 U.S.C. § 1915(e), and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018), *reh'g denied* (Oct. 25, 2018) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the

ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), the Court does not believe that the legal issues are complex. Moreover, it appears to the Court that Petitioner is clearly capable of articulating and presenting his claims. Petitioner has also not made a showing to this Court that he is unable to afford counsel. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Petitioner's motion should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for the Appointment of Counsel (Doc. 7) is **DENIED, without prejudice**.

Dated this 30th day of June, 2020.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE