**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDON W. MAX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-379 SRW |
| | ) | |
| TERI LAWSON, | ) | |
| | ) | |
| Respondent(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Brendon W. Max for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The State filed a response. Petitioner did not file a reply, and the time for doing so has passed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.      BACKGROUND**

In 2015, a jury convicted Petitioner of two counts of child molestation. The Circuit Court of Cape Girardeau County sentenced him to 20 years in prison. Petitioner appealed his convictions to the Missouri Court of Appeals, Eastern District, which affirmed his convictions. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 29.15. The PCR motion court denied Petitioner's claims, and the appellate court affirmed the motion court's decision. Petitioner now seeks habeas relief before this Court.

**II.      STANDARD**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review

of alleged due process violations stemming from a state court conviction is narrow." *Anderson v.*

*Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits

in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if

it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it

confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . .

and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir.

2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably

applies" federal law when it "identifies the correct governing legal rule from [the Supreme]

Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or

"unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context

where it should not apply or unreasonably refuses to extend that principle to a new context where

it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be

considered an unreasonable determination "only if it is shown that the state court's

presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387

F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court which adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## III.    DISCUSSION

Petitioner asserts three claims for relief in his Petition: (1) he received ineffective assistance of counsel when his trial counsel did not file a motion in limine or object to the introduction of evidence that Petitioner had physically harmed his wife; (2) he received ineffective assistance of counsel when his trial counsel did not object to, or request a retrial after, the state's closing argument labeling Petitioner a child molester and asking the jury to protect their fellow citizens; and (3) he received ineffective assistance of counsel when his trial counsel did not call his mother as a witness to refute some of the allegations.

### A.    Failure to File Motion in Limine

Petitioner asserts he received ineffective assistance of counsel when his trial counsel failed to file a motion in limine, or object to, the introduction of evidence that Petitioner had physically harmed his wife after she discovered the sexual abuse. Petitioner also argues his counsel should have requested a mistrial after the introduction of this evidence. The Court of Appeals, in its order denying Petitioner's appeal of his PCR motion, described the facts surrounding this claim as follows:

> During trial, the State questioned Wife about the incident. Wife testified about a physical altercation that ensued shortly after she packed a bag to leave following the incident:
>
> Q: And at some point did the argument ever turn physical?
> A: Yes.
> Q: Okay. Tell the jury what happened.

3

> A: Well, I got outside with my kids and was going to leave and had the kids in the car. The kids went ahead and got in and [Max] pushed me up against the car and put his arms around my throat – hand around my throat and tried to choke me because I was leaving him.
>
> During cross-examination, Wife testified that she denied any domestic violence occurred when talking with the police. Wife also acknowledge that her written statement to the police did not include any reference to Max choking her. Child testified that although she did not see it, her brother told her he saw Max choke Wife.

(ECF No. 12-7, at 3).

The Court of Appeals rejected Petitioner's arguments finding that the evidence fell into an exception to the exclusion of "bad acts" evidence because it was a "continuation of a sequence of events that assists in painting a coherent picture of the crime." (ECF No. 12-7, at 8). The court concluded that "testimony of Max pushing and choking Wife after Wife walked in on Max exposing his penis to Child was properly admissible at trial to paint a coherent picture of the charged crime of child molestation. Consequently, any objection to the admission of this evidence as inadmissible bad acts evidence would have been meritless." *Id*. at 9 (citations omitted). The court further found that trial counsel made a strategic decision not to object and to develop the evidence to impeach Wife based on the fact that she had not reported the choking to police. *Id*. The court held this was a reasonable trial strategy. *Id*. at 9-10.

The Court of Appeals' decision is entitled to deference because it is not contrary to or an unreasonable application of clearly established Federal law. In order to prevail on an ineffective-assistance-of-counsel-claim, a petitioner must meet the two-prong test established by *Strickland v. Washington*, 466 U.S. 687, 690, 694 (1984): (1) he must show that counsel's performance was so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different."
Petitioner cannot establish his counsel was deficient or that he was prejudiced by his counsel's
conduct.

Under Missouri law, "bad acts" evidence, is generally inadmissible, with a few
exceptions. *State v. Prince*, 534 S.W.3d 813, 818 (Mo. 2017). One such exception is if the bad
acts evidence "is part of the circumstances or the sequence of events surrounding the offense
charged" and is introduced "to present a complete and coherent picture of the events that
transpired." *Id*. Petitioner's wife's testimony was admissible under this exception. Therefore, his
counsel was not ineffective for failing to object to or ask for a mistrial over admissible
testimony. *See Clark v. Groose*, 16 F.3d 960, 964 (8th Cir. 1994) ("It was not unreasonable for
Clark's trial counsel to fail to object to admissible evidence."). Furthermore, trial strategy is
"virtually unchallengeable." *Bowman v. Gammon*, 85 F.3d 1339, 1345 (8th Cir. 1996).
Petitioner's counsel's decision to impeach Wife's testimony rather than object to its introduction
is a matter of trial strategy. The Court finds it was a reasonable trial strategy.

For these reasons, Petitioner has not established he received ineffective assistance of
counsel for his counsel's decision not to object to his wife's testimony. The Court of Appeals'
decision is entitled to deference. The Court will deny the Petition as to this claim.

B.      **Failure to Object to Closing Argument**

In his second claim for relief, Petitioner asserts he received ineffective assistance of
counsel when his trial counsel did not object, or ask for a mistrial, during the prosecution's
closing argument. The statements at issue were made at the prosecutor's conclusion of her
closing argument, saying, "This is a very serious case. They said his life would be ruined. A

5

child molester doesn't deserve the right to be with us in our community. Let's protect the citizens of Cape Girardeau. Find him guilty." (ECF No. 12-7, at 4).

The Missouri Court of Appeals rejected Petitioner's argument. (ECF No. 12-7, at 10-12). The court analyzed the claim in two parts. *Id*. It first considered the prosecutor's statement labeling Petitioner a child molester. The court found the statement was not improper for the following reasons:

> The record supports the State's position that referring to Max as a child molester during closing argument was not improper. The State is permitted to make arguments based on facts in evidence. There is no indication in the record that the State based its argument that Max was a child molester on anything but the evidence presented at trial. Rather, the State's assertion that Max was a child molester was supported by both Child's and Wife's testimony at trial that Max molested Child. The State did not commit error by calling Max a child molester in closing arguments. Accordingly, trial counsel was not ineffective for failing to object to the State's description of Max as a child molester.

*Id*. at 10-11 (internal quotations and citations omitted).

The court also found the prosecutor's second statement, asking the jurors to protect citizens from Petitioner, was not improper:

> During closing argument, the State may discuss the need for strong law enforcement, the prevalence of crime in the community, and that conviction of the defendant is part of the jury's duty to uphold the law and prevent crime. The State may also urge the jury to consider the effect upon society if the law is not upheld. Further, it has long been recognized that the prosecutor is permitted to argue such propositions as the personal safety of the community's inhabitants.

> Here, during closing argument, the State pleaded for the jury to protect the citizens of Cape Girardeau. In the case before us, the State did no more than petition the jurors to uphold the law and protect their community from the dangers of child molesters. The State's argument was permissible. Accordingly, trial counsel was not ineffective for failing to object to the State's comment for the jury to protect the citizens of their community.

*Id*. at 11-12 (internal quotations and citations omitted).

The Court of Appeals' decision is entitled to deference because it is not contrary to or an unreasonable application of clearly established Federal law. Under Missouri law, the

6

prosecutor's statements during closing arguments were permissible. *See Wright v. State*, 501 S.W.3d 907, 909-10 (Mo. Ct. App. 2016) (finding that the State did not improperly call the defendant a child molester during closing argument when it was supported by the evidence); *Amerson v. State*, 325 S.W.3d 543, 551 (Mo. Ct. App. 2010) ("[T]he prosecutor is permitted to argue such propositions as the prevalence of crime in the community, the personal safety of its inhabitants, and the jury's duty to uphold the law as well as inferences from its failure to convict."). Petitioner's counsel was not ineffective for not objecting to a permissible closing argument. The Court of Appeals' decision is entitled to deference. The Court will deny the Petition as to this claim.

## C.      Failure to Call a Witness

In this final claim, Petitioner asserts he received ineffective assistance of counsel when his trial counsel failed to call his mother, Deanna Max, to testify. Petitioner argues his mother's testimony would relate "to Emily Max's assertion in her written statement to police (and again at trial) that she had overheard [Petitioner] explain to his mother that G.M. may have (accidently) touched him when they were play fighting and while he was wearing boxers. Deanna Max is expected to testify that no such conversation occurred." (ECF No. 1, at 13).

The Missouri Court of Appeals described the facts surrounding this claim, including Petitioner's trial counsel's testimony at the PCR hearing:

> We note that trial counsel testified that he and Max had considered calling Mother to testify but had agreed not to call her prior to the start of trial. Trial counsel knew about Mother, new Mother was available during trial and would have testified if called. However, Mother's testimony would not have produced a viable defense and may have even impaired Max's defense. At trial, Wife recounted a conversation between Max and Mother in which Max told Mother he did not molest Child, but rather that the situation involved innocent "play fight[ing]" consistent with past interactions between himself and Child. At the evidentiary hearing, Mother testified she would deny any such conversation with Max, including denying that Max provided her an innocent explanation of the incident.

7

(ECF No. 12-7, at 13). The Court of Appeals denied Petitioner's arguments, finding as follows:

> Even if the jury believed Mother's testimony that Wife falsified the conversation between Max and Mother, impeaching Wife's credibility on that point would not have provided Max a defense. The jury still heard ample evidence of Wife discovering Max expose his penis to Child and Child explaining that this exposure had occurred frequently. Indeed, Mother's testimony would have offered no facts showing Max did not expose his penis to Child, nor other facts to exculpate Max.
>
> Further, trial counsel testified at the evidentiary hearing that his trial strategy was to adduce evidence supporting Max's claim that any possible touching was accidental. Had Mother testified in an attempt to discredit Wife's recollection of the conversation, Mother's version of the events – that she did not talk to Max about the incident on the phone and that Max had not offered an innocent explanation of the touching – would have undermined Wife's favorable testimony that Max denied molesting child. Thus, Mother's testimony might have undermined Max's defense by causing the jury to reject Max's denial of the incident. By permitting Wife to testify about the conversation between Max and Mother and not calling Mother to testify, trial counsel made a reasonable, strategic choice to elicit favorable testimony of Max denying the incident. We agree that trial counsel's assessment of the advantages and disadvantages of Mother's testimony was a matter of reasonable trial strategy, and his decision not to call Mother to testify at trial did not amount to ineffective assistance.

(ECF No. 12-7, at 13-14) (internal citations and quotations omitted).

The Court of Appeals' decision is entitled to deference because it is not contrary to or an unreasonable application of clearly established Federal law. Petitioner's trial counsel made a strategic decision not to call Petitioner's mother to testify, and strategic decisions are difficult to challenge. *Bowman*, 85 F.3d at 1345. Specifically, a defense counsel's decision not to call a witness is a "virtually unchallengeable decision of trial strategy." *Jackson v. United States*, 956 F.3d 1001, 1007 (8th Cir. 2020). When analyzing a counsel's failure to call a witness under the *Strickland* standard, courts consider "(1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witness[]; (2) the interplay of the uncalled witness[] with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution." *Armstrong v. Kemma*, 590 F.3d 592, 596 (8th Cir. 2010). The Court of Appeals

8

accurately applied this standard, and its determination that Petitioner's trial counsel's decision not to call Petitioner's mother to testify did not constitute ineffective assistance of counsel is not unreasonable. Therefore, the decision is entitled to deference. The Court will deny the Petition on this claim.

Accordingly,

**IT IS HEREBY ORDERED** the Petition of Brendon Max for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner Brendon Max's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 5th day of October, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE